**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| |
|---|
| **D'AMICO DRY D.A.C.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**UNION BULK A.S.,**<br><br>*Defendant.* |

**Case No. 1:26-cv-02745-JRR**

## MEMORANDUM OPINION

Pending before the court is Plaintiff d'Amico Dry D.A.C.'s ("d'Amico" or "Plaintiff") Verified Complaint and Request for Issuance of Process of Maritime Attachment at ECF No. 1. Also before the court are Plaintiff's associated Amended Ex Parte Motion for Order Authorizing Issuance of Process of Maritime Attachment and Garnishment at ECF No. 7;[1] Ex Parte Motion to Allow Vessel to Move Within the Port at ECF No. 3; Motion to Appoint a Substitute Process Service Server at ECF No. 4; and Ex Parte Motion to Appoint Master of the Vessel LUCILIA C as Substitute Custodian at ECF No. 5. The above-referenced pleading and papers are filed pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (pertaining to *in personam* actions for attachment and garnishment), as well as Supplemental Admiralty and Maritime Rules of the Local Rules of this court ("LAR").

For the reasons set forth below, the court will grant the Amended Ex Parte Motion for

---

[1] On July 14, 2026, Plaintiff filed a line withdrawing its original Ex Parte Motion for Order Authorizing Issuance of Process of Maritime Attachment and Garnishment at ECF No. 2. (ECF No. 2.) The Amended Ex Parte Motion is substantively the same as the original ex parte motion but includes exhibits that were erroneously omitted from the previous filing. (ECF No. 7-1 at p. 1 n.1.)

Order Authorizing Issuance of Process of Maritime Attachment and Garnishment at ECF No. 7, the Ex Parte Motion to Allow Vessel to Move Within the Port at ECF No. 3, and the Ex Parte Motion to Appoint Master of the Vessel LUCILIA C as Substitute Custodian at ECF No. 5; however, the court will deny Plaintiff's Motion to Appoint a Substitute Process Service Server at ECF No. 4, and require that summons, process, and any supplemental process be delivered to the United States Marshal for service.

## I.     Background[2]

Plaintiff, a foreign company (Ireland), was the disponent owner of the MV "OLIVIA" (the "Vessel"). (ECF No. 1 ¶¶ 5, 7.) On February 28, 2025, Plaintiff entered a charterparty with Defendant Union Bulk A.S. ("Union Bulk"), also a foreign company (Denmark); the charterparty is subject to English law and arbitration before the London Maritime Arbitrators Association. (*Id.* ¶¶ 6, 8; Adolfsson Decl., ECF No. 7-2 ¶¶ 5–6.) "During the course of the charterparty, Union Bulk improperly made a series of deductions from hire that were not warranted under the charterparty and remain due and owing to d'Amico." *Id.* ¶ 9. As a result of those deductions, Plaintiff has incurred losses in the amount of $490,014.14. *Id.* ¶ 10. Plaintiff thus has claims under the charterparty. (Adolfsson Decl., ECF No. 7-2 ¶¶ 5–6.) As of July 10, 2026, Plaintiff commenced arbitration against Union Bulk per the terms of the charterparty. *Id.* ¶ 8. The security sought by Plaintiff totals $654,215.14, consisting of $490,014.14 for the principal claim, $125,000.00 for English attorneys' fees, and $39,201.00 for one year's interest. (ECF No. 1 ¶ 12.)

Plaintiff "seeks issuance of process of maritime attachment to secure its claims in the London arbitration against Union Bulk." *Id.* ¶ 14. On information and belief, Plaintiff asserts "Union Bulk is currently operating as time charterer of the vessel LUCILIA C," and that it has

---

[2] For the reasons discussed below, the court accepts as true all well-pled facts set forth in the Verified Complaint. (ECF No. 1.) *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

sub-chartered the LUCILIA C to Smith Industries Inc. ("Smith") "of Sparrows Point, Maryland on a voyage basis, for the carriage of scrap from Baltimore to Turkey." *Id.* ¶ 15. "[T]he LUCILIA C [was] expected to call at Sparrow's Point, Maryland, on or around July 12, 2026 to load Smith's cargo." *Id.* ¶ 16. While Union Bulk cannot be found within this district, it "is believed to have, or will have during the pendency of this action, property and/or other assets in this jurisdiction," specifically because "based upon industry custom and practice, a charterer under a time charter party is responsible to pay for bunkers for the vessel during the pendency of the time charter," and the bunkers onboard the LUCILIA C "constitute property and/or assets of the Defendant Union Bulk in the district." *Id.* ¶¶ 17–19. Additionally, "Smith will soon owe Union Bulk freight for the carriage of the scrap to Turkey." *Id.* ¶ 20. "Once that freight is due and owing, it is the property of Defendant Union Bulk in the district." *Id.*

Plaintiff further alleges and attests, based on its due diligence searches, that Union Bulk cannot be found in this district within the meaning of Supplemental Rule B and LAR(b)(1), (ECF No. 1 at ¶ 3; ECF No. 7-1 at p. 4; Jedziniak Decl., ECF No. 7-3), and that there are no known statutory or maritime law bars to the requested attachment, (ECF No. 7-1 at p. 6).

Plaintiff initiated this action on July 13, 2026, with its Verified Complaint and Request for Issuance of Process of Maritime Attachment. (ECF No. 1.) Along with its Verified Complaint, Plaintiff filed the Motions at issue. On July 14, 2026, Plaintiff filed the Amended Ex Parte Motion for Order Authorizing Issuance of Process of Maritime Attachment and Garnishment. (ECF No. 7.) The court first considers the Amended Ex Parte Motion at ECF No. 7 before turning to the remaining Motions.

## II.    Legal Standard

"Rule B provides for *quasi in rem* jurisdiction; that is, where a defendant cannot be served

in the forum district, he may nevertheless be subject to the Court's authority if he owns personal property located within the forum district." *Tango Marine, S.A. v. Elephant Grp. Ltd.*, 431 F. Supp. 3d 726, 728 (E.D. Va. 2020) (quoting *Woodlands Ltd. v. Nationsbank, N.A.*, 164 F.3d 628 (4th Cir. 1998)). In particular, Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides in relevant part:

> If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property--up to the amount sued for--in the hands of garnishees named in the process.

FED. R. CIV. P. SUPP. R. B(1)(a). Rule E, "the governing pleading standard for Supplemental Rule B proceedings," *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013), "provides that maritime attachment and garnishment 'may be served only within the district.'" *Harbor Pilots of NY NJ, LLC v. Bouchard Transportation Co., Inc.*, 474 F. Supp. 3d 727, 729 (D. Md. 2020) (quoting FED. R. CIV. P. SUPP. R. E(3)(a)).

Pursuant to these rules, admiralty plaintiffs must "satisfy four criteria to obtain an order of attachment: (1) the plaintiff has a prima facially valid admiralty claim against the defendant; (2) the defendant cannot be found within the District of Maryland; (3) the defendant's property may be found within the District of Maryland; and (4) there is no other statutory or maritime law bar to the attachment." *Harbor Pilots*, 474 F. Supp. 3d at 729–30 (first citing *Blue Whale Corp. v. Grand China Shipping Dev. Co.*, 722 F.3d 488, 493 (2d Cir. 2013); and then citing *Vitol*, 708 F.3d at 541). "The plaintiff seeking the initial ex parte order of attachment or garnishment bears the burden of establish the right to attachment." *McAllister Towing of Baltimore, Inc. v. Safesea Transp., Inc.*, No. CV 25-3581-BAH, 2025 WL 3063684, at *2 (D. Md. Nov. 3, 2025) (citing *Harbor Pilots*, 474

4

F. Supp. 3d at 730). "Ultimately, the decision to grant or deny a motion for order of attachment rests in the trial court's discretion." *Harbor Pilots*, 474 F. Supp. 3d at 730.

"Rule B does not, however, explicitly provide what level of specificity the Verified Complaint and accompanying affidavit's allegations must meet." *Id.* While the pleading requirement under Rule B are generally "said to be easily met," this court has previously held, relying on Second Circuit precedent, that a plaintiff "seeking attachment must satisfy the *Twombly-Iqbal* standard in identifying the property to be attached under Rule B – they must allege facts sufficient to 'state a claim to relief that is plausible on its face.'" *Id.* at 730–31 (first quoting *DS-Rendite Fonds Nr. 108 VLCC Ashna GMBH & Co Tankschiff KG v. Essar Cap. Americas Inc.*, 882 F.3d 44, 49 (2d Cir. 2018)); and then quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, more is required than conclusory allegations; "the facts alleged must provide sufficient specificity either as to the nature of the business relationship between the garnishee(s) and the defendant and/or the nature of the defendant's property subject to the attachment."[3] *DS-Rendite*, 882 F.3d at 50.

### III. Analysis—Ex Parte Motion for Order Authorizing Issuance of Process of Maritime Attachment and Garnishment

Pursuant to Rule B, the court must review the Verified Complaint and accompanying affidavit and, "if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment." FED. R. CIV. P. SUPP. R. B(1)(b); *see Tango Marine, S.A. v. Elephant Grp. Ltd.*, 431 F. Supp. 3d 726, 728 (E.D. Va. 2020) (discussing same).

---

[3] Pursuant to Rule E, "[w]henever property is . . . attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the . . . attachment should not be vacated or other relief granted consistent with these rules." FED. R. CIV. P. SUPP. R. E(4)(f). "These procedures allow a maritime plaintiff to assert a claim against a defendant 'over whom the court does not (otherwise) have personal jurisdiction, by seizing property of the defendant (alleged to be in the hands of a third party).'" *Harbor Pilots of NY NJ, LLC v. Bouchard Transportation Co.*, Inc., 474 F. Supp. 3d 727, 730 (D. Md. 2020) (quoting *DS-Rendite Fonds Nr. 108 VLCC Ashna GmbH & Co. Tankschiff KG v. Essar Capital Ams., Inc.*, 882 F.3d 44, 47 (2d Cir. 2018)).

5

Based on the Verified Complaint as well as the Declarations cited above and provided with the Amended Ex Parte Motion at ECF No. 7, the court finds Plaintiff is entitled to its requested relief.  Plaintiff's Verified Complaint sets forth a prima facie valid admiralty claim against Union Bulk.  Further, accepting as true the well-pled allegations and facially valid supportive Declarations, the court is satisfied that Union Bulk cannot be found within the District of Maryland, and that its tangible and intangible property is reasonably expected and likely to be found within the District of Maryland on board the LUCILIA C in Sparrows Point – specifically, bunkers paid for by Union Bulk and freight due and owing to Union Bulk.  The court is also satisfied that Plaintiff meets its burden as to the absence of any statutory or maritime law bar to the requested attachment.

For these reasons, the court will grant the Amended Ex Parte Motion for Order Authorizing Issuance of Process of Maritime Attachment and Garnishment at ECF No. 7.

## IV.     Remaining Motions

In addition Plaintiff's Amended Ex Parte Motion for Order Authorizing Issuance of Process of Maritime Attachment and Garnishment, Plaintiff also filed the Ex Parte Motion to Allow Vessel to Move Within the Port at ECF No. 3, the Motion to Appoint a Substitute Process Service Server at ECF No. 4, and the Ex Parte Motion to Appoint Master of the Vessel LUCILIA C as Substitute Custodian at ECF No. 5.

### 1.  *Ex Parte Motion to Allow Vessel to Move Within the Port*

Plaintiff moves "to permit the Vessel to shift between safe berths or to anchorage, to load and unload cargo, to undergo repairs, and to perform its usual operations, always within the district." (ECF No. 3-1 ¶ 3.)  As is customary, the court will grant this Ex Parte Motion in order to minimize the potential for any adverse impact on third parties related to attachment of the

property subject to the court's order on the Amended Ex Parte Motion at ECF No. 7.

### 2. *Motion to Appoint a Substitute Process Service Server*

Pursuant to Federal Rule of Civil Procedure 4(c)(2), Plaintiff moves to appoint Joshua T. Carback, Esq., Tamara B. Goorevitz, Esq., or any other qualified person appointed by them "to serve process of maritime attachment and garnishment as well as any supplemental process in this matter." (ECF No. 4-1 at p. 1.)

Rule B provides:

> (i) If the property is a vessel or tangible property on board a vessel, the summons, process, and any supplemental process must be delivered to the marshal for service.
>
> (ii) If the property is other tangible or intangible property, the summons, process, and any supplemental process must be delivered to a person or organization authorized to serve it, who may be (A) a marshal; (B) someone under contract with the United States; (C) someone specially appointed by the court for that purpose; or, (D) in an action brought by the United States, any officer or employee of the United States.

FED. R. CIV. P. SUPP. R. B(1)(d)(i), (ii).

Here, the property subject to the requested attachment is bunkers and freight. Therefore, the property to be attached includes tangible property on board a vessel, as well as intangible property (represented by, or calculated as a function of, tangible property—cargo) on board a vessel. The court will therefore deny the Motion at ECF No. 4 and require that summons, process, and any supplemental process be delivered to the marshal for service.

### 3. *Ex Parte Motion to Appoint Master of the Vessel LUCILIA C as Substitute Custodian*

Finally, Plaintiff moves ex parte "to transfer custody of the bunkers held aboard the Vessel LUCILIA C . . . to the substitute custodian, who shall be the Master of the Vessel." (ECF No. 5-1 at p. 1.) In support of its request, Plaintiff explains that by allowing a substitute custodian to be

the LUCILIA C's Master of the Vessel, the Marshal will be relieved of its obligation to take proper care of same following attachment, and by appointing a substitute custodian, the court will ensure that a competent person will be "in charge of the vessel and, by extension the bunkers onboard, until further notice of the [c]ourt." *Id.* ¶ 4. Further, Plaintiff "agrees to release the United States Marshal Service from any and all liability and responsibility arising out of the care and custody of the bunkers" and "to hold harmless and indemnify the United States Marshal Service from any and all claims whatsoever arising out of the Substitute Custodian's possession and keeping of said bunkers." *Id.* ¶¶ 5–6.

LAR(e)(11)(a) provides:

> When a vessel or other property is brought into the Marshal's custody by arrest or attachment, the Marshal shall arrange for adequate safekeeping, which may include the placing of keepers on or near the vessel. A substitute custodian in place of the Marshal may be appointed by order of the Court.

The court is persuaded that the Ex Parte Motion at ECF No. 5 proposes a sensible and efficient means of attending to the proper custodial care of the LUCILIA C, including its cargo and general operations, and relieves the Marshal of any attendant risks associated with same. Therefore, the court will grant the Ex Parte Motion at ECF No. 5.

## V.    Conclusion

Accordingly, for the foregoing reasons, by accompanying orders, Plaintiff's Amended Ex Parte Motion for Order Authorizing Issuance of Process of Maritime Attachment and Garnishment at ECF No. 7 will be GRANTED, Ex Parte Motion to Allow Vessel to Move Within the Port at ECF No. 3 will be GRANTED, Motion to Appoint a Substitute Process Service Server at ECF No. 4 will be DENIED, and Ex Parte Motion to Appoint Master of the Vessel LUCILIA C as Substitute Custodian at ECF No. 5 will be GRANTED.

July 14, 2026

/s/

Julie R. Rubin
United States District Judge