# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **D'AMICO DRY D.A.C.,** | |
| *Plaintiff,* | |
| **v.** | **Case No. 1:26-cv-02745-JRR** |
| **UNION BULK A.S.,** | |
| *Defendant.* | |

**BOND AGREEMENT AS SUBSTITUTE SECURITY**
**FOR SUPPL. RULE B MARITIME ATTACHMENT,**
**PURSUANT TO SUPPL. RULE E**

WHEREAS, the Plaintiffs, D'AMICO DRY D.A.C. ("D'AMICO"), have obtained an *Ex Parte* Order dated July 14, 2026 ("Attachment Order") authorizing issuance of Process of Maritime Attachment and Garnishment against the Defendant UNION BULK A.S.("UNION BULK") in the sum of U.S. Dollars six hundred fifty four thousand, two hundred and fifteen, and fourteen cents, ($654,215.14) as security for Plaintiffs' claims as alleged in a Complaint dated July 13, 2026 in Civil Action No. 1:26-cv-02745, United States District Court for the District of Maryland (herein, the "Action"); and

WHEREAS the Plaintiff, requested and was granted an Order of Attachment which Order was served on Smith Industries, Inc and the vessel LUCILIA C, presently in the Port of Baltimore, to attach tangible and/or intangible property of UNION BULK; and

WHEREAS the Defendant, UNION BULK seeks to provide substitute security in the form of bond for such alleged claims without waiver or prejudice of any of its rights including, but not limited to, any and all defenses to the claims set forth in Plaintiffs' Verified Complaint herein and the right to assert any defenses or rights in respect of the validity of the Attachment Order, and that the provision of this bond is understood to be entirely without waiver or prejudice to any and all other rights, claims, counterclaims and/or defenses whatsoever which are, or may be, available to D'AMICO, and/or to any claim(s) which D'AMICO may have in respect of the underlying claims; and

WHEREAS the Plaintiff, D'AMICO accepts such security as good and sufficient for all of its claims against UNION BULK asserted in the Verified Complaint and sufficient for D'AMICO to release the vessel LUCILIA C and any other tangible or intangible property of UNION BULK within the District of Maryland from any further restraint by the Court arising from or related to the Action; and

NOW THEREFORE, United States Fire Insurance Company ("USFIC") (the "Surety") having offices in Morristown, NJ, hereby agrees to be firmly bound to Plaintiffs in the sum of U.S. Dollars six hundred fifty four thousand, two hundred and fifteen, and fourteen cents, ($654,215.14) pending the outcome of the Action.

The condition of this obligation is that Surety will pay to Plaintiffs within 28 days of written demand from Plaintiffs any sum, together with interest and costs not exceeding the sum of U.S. Dollars six hundred fifty four thousand, two hundred and fifteen, and fourteen cents, ($654,215.14) which is either (a) agreed in writing between UNION BULK and Plaintiffs to be due in respect of the matters alleged in the Amended Verified Complaint or (b) for which UNION BULK is adjudged to be liable by means of a final, enforceable, and unappealable Arbitral Award, monetary Judgment, or Judgments, on the merits and recognized in the Action.

PROVIDED, HOWEVER, that under no condition shall the aggregate liability of USFIC hereunder exceed the sum of U.S. Dollars six hundred fifty-four thousand, two hundred and fifteen, and fourteen cents, ($654,215.14).

Nothing herein shall operate, or be construed as, affecting, or limiting D'AMICO's right to seek to enforce a Final, Unappealable Judgment in excess of the Surety Bond or to seek any post-judgment security or discovery under applicable law against UNION BULK (and not International Sureties or USFIC).

This Bond is furnished entirely without prejudice to any rights or defenses that UNION BULK may have, including but not limited to the right to seek in the United States District Court for District of Maryland *vacatur* or reduction of the Court's Attachment Order and/or to seek countersecurity, none of which may be deemed to have been waived by the provision of this Bond. Should the Court's Attachment Order be vacated, the Court shall direct the Clerk of Court to return this Bond. Similarly, should the Attachment Order be reduced, the Court shall direct the Clerk of Court to accept a substituted Bond in the lower amount.

Dated: July 17, 2026

United States Fire Insurance Company, Surety

By: _____

Conway C. Marshall, Attorney-in-Fact

## POWER OF ATTORNEY
### UNITED STATES FIRE INSURANCE COMPANY
### PRINCIPAL OFFICE - MORRISTOWN, NEW JERSEY

**KNOW ALL MEN BY THESE PRESENTS**: That United States Fire Insurance Company, a corporation duly organized and existing under the laws of the state of Delaware, has made, constituted and appointed, and does hereby make, constitute and appoint: **Clark Fitz-Hugh; Conway C. Marshall; Sara S. DeJarnette; Linda C. Sheffield; Catherine C. Kehoe; Stephen Beahm; Kristine Donovan; Elizabeth Schott; David C. Joseph; Kelli Hirschey; Amanda Riedl; Andre Autin; Taylor Coss;; Victoria Scruggs; Feild Gomila; Tatum Reiss of International Sureties, Ltd.**
each, its true and lawful Attorney(s)-In-Fact, with full power and authority hereby conferred in its name, place and stead, to execute, acknowledge and deliver: Any and all bonds and undertakings of surety and other documents that the ordinary course of surety business may require, and to bind United States Fire Insurance Company thereby as fully and to the same extent as if such bonds or undertakings had been duly executed and acknowledged by the regularly elected officers of United States Fire Insurance Company at its principal office, in amounts or penalties: **One Hundred Twenty Five Million Eight Hundred Thousand Dollars ($125,800,000)**

This Power of Attorney limits the act of those named therein to the bonds and undertakings specifically named therein, and they have no authority to bind United States Fire Insurance Company except in the manner and to the extent therein stated.

This Power of Attorney is granted pursuant to Article IV of the By-Laws of United States Fire Insurance Company as now in full force and effect, and consistent with Article III thereof, which Articles provide, in pertinent part:

Article IV, Execution of Instruments - Except as the Board of Directors may authorize by resolution, the Chairman of the Board, President, any Vice-President, any Assistant Vice President, the Secretary, or any Assistant Secretary shall have power on behalf of the Corporation:

(a)  to execute, affix the corporate seal manually or by facsimile to, acknowledge, verify and deliver any contracts, obligations, instruments and documents whatsoever in connection with its business including, without limiting the foregoing, any bonds, guarantees, undertakings, recognizances, powers of attorney or revocations of any powers of attorney, stipulations, policies of insurance, deeds, leases, mortgages, releases, satisfactions and agency agreements;
(b)  to appoint, in writing, one or more persons for any or all of the purposes mentioned in the preceding paragraph (a), including affixing the seal of the Corporation.

Article III, Officers, Section 3.11, Facsimile Signatures.  The signature of any officer authorized by the Corporation to sign any bonds, guarantees, undertakings, recognizances, stipulations, powers of attorney or revocations of any powers of attorney and policies of insurance issued by the Corporation may be printed, facsimile, lithographed or otherwise produced.  In addition, if and as authorized by the Board of Directors, dividend warrants or checks, or other numerous instruments similar to one another in form, may be signed by the facsimile signature or signatures, lithographed or otherwise produced, of such officer or officers of the Corporation as from time to time may be authorized to sign such instruments on behalf of the Corporation.  The Corporation may continue to use for the purposes herein stated the facsimile signature of any person or persons who shall have been such officer or officers of the Corporation, notwithstanding the fact that he may have ceased to be such at the time when such instruments shall be issued.

**IN WITNESS WHEREOF**, United States Fire Insurance Company has caused these presents to be signed and attested by its appropriate officer and its corporate seal hereunto affixed this 17th day of January, 2025.

**UNITED STATES FIRE INSURANCE COMPANY**

Matthew E. Lubin,  President

State of New Jersey}
County of  Morris   }

On this 17th day of January, 2025, before me, a Notary public of the State of New Jersey, came the above named officer of United States Fire Insurance Company, to me personally known to be the individual and officer described herein, and acknowledged that he executed the foregoing instrument and affixed the seal of United States Fire Insurance Company thereto by the authority of his office.

ETHAN SCHWARTZ
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES 6/25/2029
COMMISSION: #50223171

Ethan Schwartz   (Notary Public)



I, the undersigned officer of United States Fire Insurance Company, a Delaware corporation, do hereby certify that the original Power of Attorney of which the foregoing is a full, true and correct copy is still in force and effect and has not been revoked.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal of United States Fire Insurance Company on the 17 day of July 20 26

**UNITED STATES FIRE INSURANCE COMPANY**

Michael C. Fay, Senior Vice President

*For verification of the authenticity of the Power of Attorney, please contact SuretyInquiries@amyntagroup.com.